

## JUAN FERNANDEZ-BARQUIN
### CLERK OF THE COURT AND COMPTROLLER
### MIAMI-DADE COUNTY

Contact Us      My Account      

# CIVIL, FAMILY AND PROBATE COURTS ONLINE SYSTEM

◀◀ BACK

Not all search results will be displayed on-line. For example, the following case types (Sealed, Juvenile, Adoption and Mental Health Cases) may or may not be in existence and may or may not be viewable by the public pursuant to Florida Supreme Court Mandate and the corresponding Access Security Matrix.

### RANFORD TAYLOR VS FLORIDA EAST COAST RAILWAY CORPORATION ET AL

| | | | |
|---|---|---|---|
| **Local Case Number:** | 2023-027816-CA-01 | **Filing Date:** | 12/07/2023 |
| **State Case Number:** | 132023CA02781601GE01 | **Judicial Section:** | CA25 - Downtown Miami - Judge Manno-Schurr, Valerie |
| **Consolidated Case No.:** | N/A | **Court Location:** | 73 West Flagler Street, Miami FL 33130 |
| **Case Status:** | OPEN | **Case Type:** | Discrimination - Employment or Other |

### ≡ Related Cases
Total Of Related Cases: 0  ➕

### 👥 Parties
Total Of Parties: 3  ➖

| Party Description | Party Name | Attorney Information | Other Attorney(S) |
|---|---|---|---|
| Plaintiff | Taylor, Ranford | B#:  (Bar Number)21872 N:  (Attorney Name)McGill, David K. | |
| Defendant | Florida East Coast Railway Corporation | | |
| Defendant | Granadillo, Victor | | |

### 🔧 Hearing Details
Total Of Hearings: 0  ➕

### 🔊 Dockets
Total Of Dockets: 10  ➖

| | DIN | Date | Book/Page | Docket Entry | Event Type | Comments |
|---|---|---|---|---|---|---|
| 📄 | 10 | 03/20/2024 | | Amended Complaint | Event | |
| 📄 | 9 | 02/05/2024 | | Service Returned | Event | |
| 📄 | 8 | 02/05/2024 | | Order Setting CM Deadline | Event | |
| | | 01/08/2024 | | 20 Day Summons Issued | Service | |
| 📄 | 7 | 01/08/2024 | | ESummons 20 Day Issued | Event | **RE: INDEX # 5.** Parties: Florida East Coast Railway Corporation |

⬆

| | DIN | Date | Book/Page | Docket Entry | Event Type | Comments |
|---|---|---|---|---|---|---|
| | 6 | 01/06/2024 | | Receipt: | Event | RECEIPT#:3110038 AMT PAID:$10.00 NAME:MCGILL, DAVID K. 2655 S LE JEUNE RD STE 401 CORAL GABLES FL 33134-5832 COMMENT: ALLOCATION CODE QUANTITY UNIT AMOUNT 3139-SUMMONS ISSUE FEE 1 $10.00 $10.00 TENDER TYPE:EFILINGS TENDER AMT:$10.00 RECEIPT DATE:01/06/2024 REGISTER#:311 CASHIER:EFILINGUSER |
|  | 5 | 01/04/2024 | | (M) 20 Day (C) Summons (Sub) Received | Event | |
| | 3 | 12/08/2023 | | Receipt: | Event | RECEIPT#:3200190 AMT PAID:$401.00 NAME:MCGILL, DAVID K. 2655 S LE JEUNE RD STE 401 CORAL GABLES FL 33134-5832 COMMENT: ALLOCATION CODE QUANTITY UNIT AMOUNT 3100-CIRCUIT FILING FEE 1 $401.00 $401.00 TENDER TYPE:EFILINGS TENDER AMT:$401.00 RECEIPT DATE:12/08/2023 REGISTER#:320 CASHIER:EFILINGUSER |
| | 2 | 12/07/2023 | | Complaint | Event | |
| | 1 | 12/07/2023 | | Civil Cover Sheet - Claim Amount | Event | |

◀◀ BACK

**Please be advised:**

The Clerk of the Court and Comptroller of Miami-Dade County makes every effort to ensure the accuracy of the following information; however it makes no warranties or representations whatsoever regarding the completeness, accuracy, or timeliness of such information and data. Information on this website has been posted with the intent that it be readily available for personal and public non-commercial (educational) use and to provide the public with direct online access to information in the Clerk and Comptroller's Office information systems. Other than making limited copies of this website's content, you may not reproduce, retransmit, redistribute, upload or post any part of this website, including the contents thereof, in any form or by any means, or store it in any information storage and retrieval system, without prior written permission from the Clerk and Comptroller's Office. This website does not provide legal advice of any kind. If you require legal advice, please consult a qualified attorney of your choosing.

Service through the Clerk and Comptroller's electronic access is not the official record of the Clerk and Comptroller. In order to assure the accuracy of the data or information, the Clerk and Comptroller's office should be consulted regarding the Official Court Record.

If you are interested in obtaining permission to reproduce, retransmit or store any part of this website beyond that which you may use for personal use, as defined above, visit our Web API Services. You can review the complete Miami-Dade County Disclaimer.

**General**

Online Case Home

Civil / Family Courts Information

Login

**Help and Support**

Clerk's Home

Privacy Statement

ADA Notice

Disclaimer

Contact Us

About Us



Juan Fernandez-Barquin

**Clerk of the Court and Comptroller**

**Miami-Dade County**

73 W. Flagler Street
Miami, Florida 33130

305-275-1155

©2024 Clerk of the Courts. All rights reserved.



Filing # 187591035 E-Filed 12/07/2023 03:17:59 PM

**FORM 1.997. CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

---

### I.    CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE <u>ELEVENTH</u>  JUDICIAL CIRCUIT,
IN AND FOR <u>MIAMI-DADE</u>  COUNTY, FLORIDA

<u>Ranford Taylor</u>
Plaintiff                                                    Case # _____

                                                               Judge _____

vs.

<u>Florida East Coast Railway Corporation, Victor Granadillo</u>
Defendant

---

### II.    AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐  $8,000 or less
☐  $8,001 - $30,000
☐  $30,001- $50,000
☐  $50,001- $75,000
☐  $75,001 - $100,000
☒  over $100,000.00

### III.    TYPE OF CASE     (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 1 -

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☐ Premises liability—commercial
    ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐ Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☒ Other
    ☐ Antitrust/Trade regulation
    ☐ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☒ Discrimination—employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

### COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.**     **REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☒ Punitive

**V.**     **NUMBER OF CAUSES OF ACTION:** [   ]
(Specify)

   7

**VI.**     **IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.**     **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.**     **IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

**IX.**     **DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
    ☐ yes
    ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ David McGill          Fla. Bar # 21872
        Attorney or party                 (Bar # if attorney)

David McGill              12/07/2023
 (type or print name)            Date

# IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
# IN AND FOR MIAMI-DADE COUNTY, FLORIDA

| | |
|---|---|
| RANFORD TAYLOR, an individual<br><br>     Plaintiff,<br><br>vs.<br><br>FLORIDA EAST COAST RAILWAY CORPORATION, a Foreign Profit Corporation, and Victor Granadillo, an individual<br><br>     Defendants. | **CASE NO.:**<br><br>**COMPLAINT FOR DAMAGES**<br><br>1.  Failure to Accommodate<br>2.  Religious Discrimination and Harassment<br>3.  Retaliation (Religion)<br>4.  National Origin Harassment<br>5.  National Origin Discrimination<br>6.  Retaliation (National Origin)<br>7.  Tortious Interference with a Business/Employment Relationship<br><br><br>**JURY TRIAL DEMANDED** |

## PRELIMINARY ALLEGATIONS

### (Parties)

1.     Plaintiff Ranford Taylor (hereinafter "Plaintiff") is, and at all times material hereto was, an adult individual residing in the county of Broward, state of Florida.

2.     Defendant Florida East Coast Railway Corporation ("Defendant FECR" or "Defendant") hereinafter) is, and at all times material hereto was, a Foreign profit corporation, authorized to do business and doing business in, the state of Florida, with its offices located in Miami-Dade County, Florida. Defendant is and has been a covered "employer" within the meaning of FCRA § 760.02, at all times relevant to this Complaint.

RANFORD TAYLOR v. FLORIDA EAST COAST RAILWAY/ COMPLAINT FOR DAMAGES

3.      Defendant Victor Granadillo ("Defendant Granadillo"), is, and at all times material hereto is an individual residing and doing business in the county of Miami-Dade, state of Florida.

**(Venue)**

4.      The actions alleged herein were entered into in the county of Miami-Dade, state of Florida, and the acts and transactions herein alleged took place in the county of Miami-Dade, state of Florida.

**(Jurisdiction)**

5.      This is an action for damages in excess of the sum of Thirty Thousand dollars ($30,000.00) exclusive of interest, costs and/or attorneys' fees.

6.      This Court has jurisdiction over this case pursuant to Florida Statutes §§760.11 and 761.03-761.04. All conditions precedent to jurisdiction have occurred:

a.      Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (the "EEOC") within 300 days of the commission of the unlawful employment practices of the Defendant FECR;

b.      On or about September 27, 2023, the EEOC found reasonable cause to some of the matters alleged in the charge and issued its Notice of Right to Sue;

c.      This complaint is being timely filed within 90 days of Plaintiff's receipt of the EEOC's Notice of Right to Sue.

- 2 of 18
–

**Statement of Case**

7.      Defendant FECR is a cargo transportation company.

8.      At all times relevant, Plaintiff is and was an adult male of Jamaican national origin and a devoted Hebrew Israelite.

9.      At all times relevant, Plaintiff has been a lifelong member of the Tenth Tabernacle Miami, which observes the Sabbath which begins on Friday evening at sundown and ends Saturday evening at sundown.

10.      Plaintiff began his employment in 2009 and most recently held the position of Signal Maintenance at Defendant FECR. Plaintiff was highly qualified to perform the duties expected of him at his position.

11.      Throughout the course of his employment and up to the time of his termination, Plaintiff consistently performed his duties in an exemplary manner.

12.      Since 2015, Defendant FECR was aware that he was a devote Hebrew Israelite, and that it was forbidden for the Plaintiff to work on Saturdays based on his religious beliefs and the Bible.

13.      Plaintiff notified Defendant FECR of his need to have Saturdays off pursuant to his religion.

14.      Initially, Defendant FECR accommodated Plaintiff by allowing him to have Saturdays off from work.

15.      In 2017, Defendant Granadillo was Plaintiff's co-worker and repeatedly objected to Plaintiff's reasonable accommodation for Saturdays off to practice his faith.

16.      In fact, Defendant FECR allowed Defendant Granadillo to harass Plaintiff

- 3 of 18 -

regarding his religious beliefs and threaten Plaintiff. Defendant Granadillo told Plaintiff that he "would fire him when I become supervisor."

17.     In May 2019 Defendant Granadillo became Plaintiff's supervisor.

18.     While Defendant Granadillo was Plaintiff's supervisor, Plaintiff was harassed and exposed to a hostile work environment because his religion and national origin.

19.     Defendant FECR management and Defendant Granadillo would force Plaintiff to work on the Sabbath and gave preferential treatment to Hispanic individuals outside his protected class.

20.     On several occasions, Defendant FECR management would unjustly criticize and make inappropriate jokes directly and indirectly to Plaintiff.

21.     Plaintiff was told several times by Defendant Granadillo and management that they would no longer honor his reasonable accommodation. Plaintiff attempted to volunteer to work on Sundays for those who practice their religion on Sunday, however, this request was denied by Defendant FECR.

22.     Again, Defendant Granadillo told Plaintiff that he was going to have him fired.

23.     On September 9, 2020, Plaintiff was wrongfully reprimanded for allegedly not preforming his duties.

24.     A week later on September 16, 2020, Plaintiff was reprimanded by Defendant Granadillo for failing to follow protocols and received a 30-day suspension.

25.     On November 6, 2020, Plaintiff was reprimanded for not following safety protocols. None of his Hispanic coworkers or employees outside his protected class were reprimanded.

RANFORD TAYLOR v. FLORIDA EAST COAST RAILWAY/ COMPLAINT FOR DAMAGES

26.     On November 30, 2020, Plaintiff made a lawful complaint against Defendant FECR management for discrimination, unfair practices, and hostile work environment.

27.     Again, on December 20, 2020, Plaintiff was reprimanded for safety violations. None of his Hispanic coworkers or employees outside his protected class were reprimanded.

28.     Soon thereafter, on December 22, 2020, Plaintiff was terminated.

## COUNT ONE

### Failure to Accommodate in Violation of the FCRA

29.     Plaintiff incorporates by reference herein and re-alleges the allegations in Paragraph 1 through 28 above as though set forth fully herein.

30.     Plaintiff is, and at all times relevant herein was, a practicing member of the Tenth Tabernacle Miami. Pursuant to his Hebrew Israelite religious beliefs and in order to keep Saturday and/or the Sabbath holy, Plaintiff abstains from secular work from Friday evening at sundown and to Saturday evening at sundown.

31.     Since on or about October of 2019, Plaintiff made numerous requests, both verbally and in writing, for religious accommodation.

32.     The accommodation the Plaintiff requested would not have caused an undue hardship to the Defendant FECR.

33.     Instead, of reasonably accommodating Plaintiff's sincerely held religious beliefs, Defendant disciplined Plaintiff and ultimately fired him.

34.     By virtue of Defendant's actions and inactions as set forth above, Defendant FECR has violated the FCRA with regard to Plaintiff by failing to accommodate his sincerely

held religious beliefs.

35.     Plaintiff's sincerely held religious belief was a motivating factor in refusing to accommodate Plaintiff.

36.     The conduct of the Defendant FECR in not reasonably accommodating Plaintiff's beliefs was intentional. Defendant FECR engaged in a discriminatory practice or practices with malice or with reckless indifference to the federally protected rights of the Plaintiff.

37.     As a direct and proximate result of Defendant's actions, Plaintiff has suffered and will continue to suffer lost wages, benefits and entitlements, damage to career and reputation, personal humiliation, mental anguish, and embarrassment justifying an award including, but not limited to, back pay, lost benefits, front pay, compensatory damages, and punitive damages according to proof against Defendant FECR.

## COUNT TWO

### Violation of the FCRA – Religious Discrimination and Harassment

38.     Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 28 as if set out in full herein.

39.     At all times material hereto, Defendant FECR failed to comply with the FCRA, which states, in part, that it is an unlawful employment practice for an employer "[t]o discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin, age, handicap, or marital status." (emphasis added)

40.     Plaintiff is a member of protected class of citizens who are Hebrew Israelites.

RANFORD TAYLOR v. FLORIDA EAST COAST RAILWAY/ COMPLAINT FOR DAMAGES

41.     Hebrew Israelite is a recognized religious belief and the Defendant FECR was aware of Plaintiff's religious beliefs.

42.     At all times necessary, Plaintiff was qualified to perform his duties.

43.     After late 2019, Defendant FECR failed to legitimately offer Plaintiff any reasonable accommodation for Plaintiff's religious beliefs and actively engaged in actions to discourage other employees from accommodating Plaintiff's religious beliefs.

44.     In its continuing effort to refuse any reasonable accommodation of Plaintiff's religious beliefs, Defendant FECR continuously reprimanded Plaintiff for following his religious beliefs until the Defendant FECR ultimately fired Plaintiff on December 22, 2020.

45.     Because of Plaintiff's religious beliefs, Defendant FECR discriminated against Plaintiff and created a hostile work environment for Plaintiff which included, inter alia, allowing other employees to mock Plaintiff's religious beliefs on a continuous basis, reprimanding Plaintiff for following his beliefs, and firing Plaintiff.

46.     Defendant FECR's discrimination and harassing conduct towards Plaintiff was based on his religious beliefs.

47.     Defendant FECR's conduct was pervasive and regular and detrimentally affected Plaintiff.

48.     Similarly situated employees who are not Hebrew Israelites were not subjected to the conduct described and referred to in paragraphs 1 through 28 and 38 through 47 of this Complaint.

49.     Defendant FECR violated the FCRA by discriminating against Plaintiff because of his religion. Alternatively, Plaintiff's religion was a motivating factor which prompted the

RANFORD TAYLOR v. FLORIDA EAST COAST RAILWAY/ COMPLAINT FOR DAMAGES

Defendant FECR to harass and fire Plaintiff.

50.     As a direct and proximate result of the Defendant FECR's conduct, Plaintiff has suffered, is now suffering and will continue to suffer emotional distress, humiliation, embarrassment, and economic losses.

51.     Any alleged nondiscriminatory reason for this treatment of Plaintiff by the Defendant FECR is a mere pretext for the actual reason for discriminating against him based on his religion.

52.     Defendant FECR's actions were malicious and were recklessly indifferent to Plaintiff's rights pursuant to Fla. Stat. §760.10.

53.     The aforementioned actions of the Corporate Defendant FECR were done wantonly, willfully, maliciously and with reckless disregard of the consequences of such actions.

## **COUNT THREE**

### **Violation of the FCRA – Retaliation**

54.     Plaintiff incorporates by reference herein and re-alleges the allegations in Paragraph 1 through 28 above as though set forth fully herein.

55.     Plaintiff is, and at all times relevant herein was, a practicing member of the Tenth Tabernacle Miami. Pursuant to his Hebrew Israelite religious beliefs and in order to keep Saturday and/or the Sabbath holy, Plaintiff abstains from secular work from Friday evening at sundown and to Saturday evening at sundown.

56.     Plaintiff engaged in actions protected by the FCRA to receive accommodations from Defendant FECR for his religious beliefs, including, but not limited to, making numerous oral and written requests for accommodation.

RANFORD TAYLOR v. FLORIDA EAST COAST RAILWAY/ COMPLAINT FOR DAMAGES

57.     Because of Plaintiff's protected actions, Defendant FECR retaliated against Plaintiff by, among other things, creating a hostile work environment for Plaintiff, reprimanding Plaintiff for his religious beliefs, and terminating Plaintiff.

58.     The conduct of the Defendant FECR in retaliating against Plaintiff because of his protected actions was intentional. Defendant FECR engaged in a discriminatory practice or practices with malice or with reckless indifference to the protected rights of the Plaintiff.

59.     As a direct and proximate result of Defendant FECR's actions, Plaintiff has suffered and will continue to suffer lost wages, benefits and entitlements, damage to career and reputation, personal humiliation, mental anguish, and embarrassment justifying an award including, but not limited to, back pay, lost benefits, front pay, compensatory damages, and punitive damages according to proof against Defendant FECR.

## COUNT FOUR

**National Origin Harassment – Violation of Florida Statute 760.10(a)**

**as against Defendant FLORIDA EAST COAST RAILWAY**

60.     Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 28 above as though fully set forth at length herein.

61.     At all times mentioned in this cause of action, all provisions of the Florida Civil Rights Act of 1992 were in full force and effect and were binding on Defendant FECR.

62.     At all times mentioned in this cause of action, Plaintiff was an employee of Defendant FECR and Defendant FECR was an Employer as defined by Florida Statute 760.02 (7).

63.     Plaintiff is a male of Jamaican origin.  During Plaintiff's employment with

RANFORD TAYLOR v. FLORIDA EAST COAST RAILWAY/ COMPLAINT FOR DAMAGES

Defendant FECR, Defendant FECR harassed Plaintiff on the basis of his national origin (Jamaican) and subjected Plaintiff to an intimidating, hostile and offensive work environment. Defendant's harassment included, but was not limited to, the following:

      a.    Subjecting Plaintiff to different terms and conditions of employment than non-Jamaican employees;

      b.    Holding Plaintiff to different standards than non-Jamaican American employees;

      c.    Treating Plaintiff differently than non-Jamaican American employees by not fully investigating his lawful complaint of national origin discrimination and harassment;

      d.    Treating Plaintiff differently than non-Jamaican American employees by subjecting Plaintiff to excessive harassment when evaluating his work performance;

      e.    Subjecting Plaintiff to a hostile work environment;

      f.    Allowing Plaintiff's supervisor to treat Plaintiff differently than non-Jamaican American employees by trying to humiliate him in front of his colleagues;

      g.    Allowing Plaintiff's supervisor to subject Plaintiff to arbitrary, unfair, and dishonest criticisms; and

      h.    Wrongfully terminating Plaintiff without cause.

    64.    As a proximate result of Defendant FECR's unlawful conduct, as set forth above, Plaintiff has suffered and continues to suffer substantial losses incurred in seeking subsequent

RANFORD TAYLOR v. FLORIDA EAST COAST RAILWAY/ COMPLAINT FOR DAMAGES

comparable employment, earnings, deferred compensation, earning capacity, back pay, front pay and other employment benefits, all to his detriment, in an amount to be shown according to proof.

65.     As a further proximate result of Defendant FECR's unlawful conduct, Plaintiff has suffered and continues to suffer physical personal injuries, embarrassment, humiliation, mental anguish, and other general damages, all to his detriment, in an amount to be shown according to proof.

66.     Moreover, as a result of Defendant FECR's unlawful conduct, as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as provided by Florida Statute §760.11.

67.     Plaintiff demands judgment against Defendant FECR, a trial by jury on all issues so triable, and any other relief the Court deems just and proper.

## **COUNT FIVE**

**National Origin Discrimination – Violation of Florida Statute 760.10(a)**

**as against FLORIDA EAST COAST RAILWAY**

68.     Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 28 above as though fully set forth at length herein.

69.     At all times mentioned in this cause of action, all provisions of the Florida Civil Rights Act of 1992 were in full force and effect and were binding on Defendant FECR.

70.     At all times mentioned in this cause of action, Plaintiff was an employee of Defendant FECR, and Defendant FECR was an Employer as defined by Florida Statute 760.02 (7).

RANFORD TAYLOR v. FLORIDA EAST COAST RAILWAY/ COMPLAINT FOR DAMAGES

71.     During Plaintiff's employment with Defendant FECR, Defendant discriminated Plaintiff on the basis of his national origin (Jamaican). Defendant's discrimination included, but was not limited to, the following:

    a.   Subjecting Plaintiff to different terms and conditions of employment than non-Jamaican American employees;

    b.   Holding Plaintiff to different standards than non-Jamaican American employees;

    c.   Treating Plaintiff differently than non-Jamaican American employees by not fully investigating his lawful complaint of national origin discrimination and harassment;

    d.   Subjecting Plaintiff to a hostile work environment;

    e.   Treating Plaintiff differently than non-Jamaican American employees by refusing to transfer or reassign Plaintiff to different area;

    f.   Allowing Plaintiff's supervisor to treat Plaintiff differently than non-Jamaican American employees by trying to humiliate him in front of his colleagues;

    g.   Allowing Plaintiff's supervisor to subject Plaintiff to arbitrary, unfair, and dishonest criticisms; and

    h.   Wrongfully terminating Plaintiff without cause.

72.     As a proximate result of Defendant FECR's unlawful conduct, as set forth above, Plaintiff has suffered and continues to suffer substantial losses incurred in seeking subsequent comparable employment, earnings, deferred compensation, earning capacity, back pay, front pay and other employment benefits, all to his detriment, in an amount to be shown according to

proof.

73.     As a further proximate result of Defendant FECR's unlawful conduct, Plaintiff

has suffered and continues to suffer physical personal injuries, embarrassment, humiliation,

mental anguish, and other general damages, all to his detriment, in an amount to be shown

according to proof.

74.     Moreover, as a result of Defendant FECR's unlawful conduct, as alleged herein,

Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as provided by Florida

Statute §760.11.

75.     Plaintiff demands judgment against Defendant FECR, a trial by jury on all issues

so triable, and any other relief the Court deems just and proper.

## COUNT SIX

### Retaliation - Violation of Florida Statute 760.10 (7)

### As against Defendant FLORIDA EAST COAST RAILWAY

76.     Plaintiff repeats and realleges each and every allegation in paragraphs 1 through

28 above as though fully set forth at length herein.

77.      Plaintiff complained to Defendant FECR management regarding the national

origin discrimination and harassment he was subjected to by Defendant FECR Management.

78.     By terminating Plaintiff for complaining about unlawful harassment and

discrimination, Defendant is in violation of Florida Statute 760.10(7).

79.     At all times mentioned in this cause of action, Plaintiff was an employee of

Defendant FECR and Defendant FECR was an employer as defined by Florida Statute 760.02(7).

80.     During Plaintiff's employment, Defendant FECR management retaliated against

- 13 of 18
–

Plaintiff for participating in actions protected under the Florida Civil Rights Act of 1992, when he complained about the harassment FECR Defendants were subjecting him to as more fully set forth in paragraph 77 above.

81.     This retaliatory course of conduct at work, included, but was not limited to, the following:

      a. Subjecting Plaintiff to different terms and conditions of employment than employees;

      b. Holding Plaintiff to different standards than Non-Jamaican American employees;

      c. Treating Plaintiff unfavorably based upon his national origin;

      d. Treating Plaintiff differently than non-Jamaican American employees by subjecting Plaintiff to excessive harassment;

      e. Allowing Plaintiff's supervisor to subject Plaintiff to arbitrary, unfair, and dishonest criticisms; and

      f. Wrongfully terminating Plaintiff without cause.

82.     As a proximate result of Defendant FECR's unlawful conduct, as set forth above, Plaintiff has suffered and continues to suffer substantial losses incurred in seeking subsequent comparable employment, earnings, deferred compensation, earning capacity, back pay, front pay, and other employment benefits, all to his detriment, in an amount to be shown according to proof.

83.     As a further proximate result of Defendant FECR's unlawful conduct, Plaintiff has suffered and continues to suffer physical personal injuries, embarrassment, humiliation,

RANFORD TAYLOR v. FLORIDA EAST COAST RAILWAY/ COMPLAINT FOR DAMAGES

mental anguish, and other general damages, all to his detriment, in an amount to be shown according to proof.

84.   Moreover, as a result of Defendant FECR's unlawful conduct, as alleged herein, Plaintiff is entitled to reasonable attorney's fees and costs of said suit, as provided by Florida Statute 760.11.

85.   Plaintiff demands judgment against Defendant FECR, a trial by jury on all issues so triable, and any other relief the Court deems just and proper.

### COUNT SEVEN

**Tortious Interference with a Business/Employment Relationship as**

**against Defendant Victor Granadillo**

86.   Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 28 above, as though fully set forth at length herein.

87.   Plaintiff alleges that at all times relevant to this cause of action, Defendant Victor Granadillo was not acting within the course and scope of his employment but rather was acting with ulterior purposes and without an honest belief that his actions would benefit his employer FECR.

88.   Plaintiff and Defendant FECR entered into a business relationship whereby Plaintiff would be employed as Signal Maintenance.

89.   Defendant Victor Granadillo knew Plaintiff had a business/employment relationship with Defendant FECR and knew the terms and conditions of Plaintiff's business/employment with Defendant FECR.

90.     Defendant Victor Granadillo tortiously interfered with Plaintiff's business/employment relationship by:

    a.   Creating a hostile work environment on the basis of Plaintiff's religion and national origin;

    b.   Harassing Plaintiff;

    c.   Providing misleading information to FECR management in an attempt to influence and advise FECR to initiate an adverse employment action against Plaintiff;

    d.   Retaliating against Plaintiff for objecting to religion and national origin discrimination/harassment and by advising and causing Plaintiff to be terminated by FECR.

91.     Defendant Victor Granadillo intended on interfering with the business/employment relationship between Plaintiff and Defendant FECR, when he engaged in the conduct outlined above in paragraph 90.

92.     As a proximate result of Defendant Victor Granadillo's tortious interference as alleged herein, Plaintiff has suffered substantial losses and damages incurred in lost income, lost future income, bonuses, medical benefits and other compensation, back pay, front pay, and in earning capacity in an amount to be determined according to proof.

93.     As a further direct and proximate result of the wrongful acts of Defendant Victor Granadillo, Plaintiff has suffered shock, anger, embarrassment, humiliation, anguish, and other

emotional distress, all to Plaintiff's general damages in a sum which has not yet been finally ascertained, and which will be shown according to proof.

94.     Plaintiff demands judgment against the Defendant Victor Granadillo, a trial by jury on all issues so triable and any other relief this Court deems just and proper.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays judgment against Defendants as follows:

1.     For special and economic damages, including but not limited to, back pay and front pay, past, present, and future income, compensatory damages, lost wages and lost employee benefits, for all Causes of Action;

2.     For general damages and non-economic damages, mental and emotional distress damages, damages for physical injuries and anguish, and other special and general damages according to proof, for all Causes of Action;

3.     For an award of interest, including prejudgment interest, at the legal rate;

4.     For Attorneys' fees under the applicable Florida Statutes;

5.     For injunctive relief including requiring Defendant FECR to adopt reasonable postings and changes in personnel policies and procedures regarding race harassment, discrimination and retaliation, requiring training about race harassment for all managerial employees, for a permanent injunction enjoining Defendant FECR, its agents, successors and employees and those acting in concert with them from engaging in each of the unlawful practices, policies, usages and customs set forth hereinabove, and for such other injunctive relief as

RANFORD TAYLOR v. FLORIDA EAST COAST RAILWAY/ COMPLAINT FOR DAMAGES

the Court may deem proper;

6.   For costs and fees of suit herein incurred;

7.   For such other and further relief as the Court may deem proper.

Dated this 1st day of December 2023.

Respectfully Submitted,

/s/ DAVID MCGILL
David McGill, Esquire
Florida Bar No. 021872
Attorney for Plaintiff
The McGill Law Firm LLC.
2655 S. Le Jeune Rd Suite 310
786 375 5621 O
800 615 9815 F
dkmcgill@mcgilllegal.com

- 18 of 18 -

RANFORD TAYLOR v. FLORIDA EAST COAST RAILWAY/ COMPLAINT FOR DAMAGES

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 510-2021-00221 |

| Florida Commission On Human Relations | and EEOC |
|---|---|
| State or local Agency, if any | |

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Mr. Ranford Taylor | ▮▮▮▮▮ | |

| Street Address | City, State and ZIP Code |
|---|---|
| ▮▮▮▮▮ Sunrise, FL 33351 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| Florida East Coast Railway | 500 or More | (904) 538-6063 |

| Street Address | City, State and ZIP Code |
|---|---|
| 7150 Philips Highway, Jacksonville, FL 32256 | |

| DISCRIMINATION BASED ON (Check appropriate box(es).) | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| ☐ RACE  ☐ COLOR  ☐ SEX  ☒ RELIGION  ☒ NATIONAL ORIGIN<br>☐ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION<br>☐ OTHER (Specify) | Earliest  01-01-2019   Latest  12-22-2020<br>☐ CONTINUING ACTION |

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

My national origin is Jamaican and my religion is that of Hebrew Israelite. I was employed by the above-named company since 2009 and most recently held the position of Signal Maintenance. The company is aware of my religion and my reasonable accommodation to observe the Sabbath. Upon the commencement of Supervisor Victor Granadillo (Hispanic), he forced me to work the Sabbath and gave preferential treatment to Hispanic individuals outside my protected class. I advised Mr. Granadillo that I would gladly work on Sundays and or after the ending of the Sabbath, but this request was denied. Mr. Granadillo mentioned that he was going to have me fired. On September 9, 2020, I was reprimanded by Mr. Granadillo for an allegedly not performing my duties, however this is untrue. Later on September 16, 2020, Mr. Granadillo reprimanded me for allegedly failing to follow safety protocol and I was suspended for 30 days. I grieved this reprimand and was forced to sign a letter accepting responsibility due to being threatened with termination had I not sign. On November 6, 2020, I was again suspended for alleged safety violations. None of my other Hispanic counterparts received any reprimands for the same/similar offenses. On December 22, 2020, my employment was terminated.

The reason for my termination was that I had violated company policy regarding safety.

I believe that I was terminated due to my religion and national origin, in violation of the Civil Rights of 1964, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| 3/4/21 _____  _____ *signature* _____<br>Date           Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

Filing # 189138894 E-Filed 01/04/2024 08:51:24 PM

☑ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.
☐ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.

| DIVISION | SUMMONS 20 DAY CORPORATE SERVICE | CASE NUMBER |
|---|---|---|
| ☑ CIVIL | (a) GENERAL FORMS | 2023-027816-CA-01 |
| ☐ DISTRICTS | | |
| ☐ OTHER | | |

| PLAINTIFF(S) | VS.  DEFENDANT(S) | SERVICE |
|---|---|---|
| RANFORD TAYLOR | FLORIDA EAST COAST RAILWAY CORP | |

**THE STATE OF FLORIDA:**

To Each Sheriff of the State:

**YOU ARE COMMANDED** to serve this summons and copy of the complaint or petition in this action on

defendant(s): FLORIDA EAST COAST RAILWAY CORPORATION
c/o C T CORPORATION SYSTEM
1200 SOUTH PINE ISLAND ROAD PLANTATION, FL 33324

Each defendant is required to serve written defense to the complaint or petition on
Plaintiff's Attorney: David McGill, Esq

whose address is: The McGill Law Firm LLC, 2655 S. LE JEUNE RD, SUITE 310

CORAL GABLES FL 33134

CLOCK IN

within 20 days " **Except when suit is brought pursuant to s. 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to respond shall be 40 days. When suit is brought pursuant to. 768.28, Florida Statutes, the time to respond shall be 30 days."** after service of this summons on that defendant , exclusive of the day of service, and to file the original of the defenses with the Clerk of this Clerk Court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

| | DATE |
|---|---|
| **Juan Fernandez-Barquín**<br>**CLERK of COURTS** | |
| DEPUTY CLERK | |

## AMERICANS WITH DISABILITIES ACT OF 1990
## ADA NOTICE

**"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Aliean Simpkins, the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1st Avenue, Suite 2400, Miami, FL 33128; Telephone (305) 349-7175; TDD (305) 349-7174, Email ADA@jud11.flcourts.org; or via Fax at (305) 349-7355, at least seven (7) days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than seven (7) days; if you are hearing or voice impaired, call 711."**

Filing # 189138894 E-Filed 01/04/2024 08:51:24 PM

| ☑ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA. |||
|---|---|---|
| ☐ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA. |||
| **DIVISION**<br>☑ CIVIL<br>☐ DISTRICTS<br>☐ OTHER | **SUMMONS 20 DAY CORPORATE SERVICE**<br>**(a) GENERAL FORMS** | **CASE NUMBER**<br>2023-027816-CA-01 |
| **PLAINTIFF(S)**<br>RANFORD TAYLOR | **VS. DEFENDANT(S)**<br>FLORIDA EAST COAST RAILWAY CORP | **SERVICE** |

**THE STATE OF FLORIDA:**

To Each Sheriff of the State:

**YOU ARE COMMANDED** to serve this summons and copy of the complaint or petition in this action on
defendant(s): FLORIDA EAST COAST RAILWAY CORPORATION
c/o C T CORPORATION SYSTEM
1200 SOUTH PINE ISLAND ROAD PLANTATION, FL 33324

**CLOCK IN**

Each defendant is required to serve written defense to the complaint or petition on
Plaintiff's Attorney: David McGill, Esq

whose address is: The McGill Law Firm LLC, 2655 S. LE JEUNE RD, SUITE 310
CORAL GABLES FL 33134

within 20 days " **Except when suit is brought pursuant to s. 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to respond shall be 40 days. When suit is brought pursuant to. 768.28, Florida Statutes, the time to respond shall be 30 days.**" after service of this summons on that defendant , exclusive of the day of service, and to file the original of the defenses with the Clerk of this Clerk Court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

| **Juan Fernandez-Barquín**<br>**CLERK of COURTS** | *Shadrika Flores* 9876<br>DEPUTY CLERK | **DATE**<br>1/8/2024 |
|---|---|---|

## AMERICANS WITH DISABILITIES ACT OF 1990
## ADA NOTICE

**"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Aliean Simpkins, the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1ˢᵗ Avenue, Suite 2400, Miami, FL 33128; Telephone (305) 349-7175; TDD (305) 349-7174, Email ADA@jud11.flcourts.org; or via Fax at (305) 349-7355, at least seven (7) days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than seven (7) days; if you are hearing or voice impaired, call 711."**

**IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

**CIRCUIT CIVIL DIVISION**

**CASE NO.: 2023-027816-CA-01**
**SECTION:  CA25**

**Ranford Taylor**
**Plaintiff(s),**

**vs.**

**Florida East Coast Railway Corporation et al**
**Defendant(s)**

_____/

## CASE MANAGEMENT ORDER (GENERAL PATHWAY)

     **THIS CAUSE** came before the Court on case management review. Based on the review of the file, and pursuant to Rule 2.545, Fla. R. Jud. Admin., the Court has established Case Management Deadlines, and it is hereby

     **ORDERED** that:

1. The parties shall comply with these Case Management Deadlines until further order of court. The parties shall strictly comply with the deadlines and should expect that the case will be tried during the anticipated trial period specified, without continuances. The parties cannot agree to extend the deadlines and cannot agree to waive any portion of the provisions of this order.

2. **Procedural Requirements**: In addition to strict adherence to the Florida Rules of Civil Procedure and the Administrative Orders of the Court, the parties shall comply with the Case Management Procedures in this order. The parties may not unilaterally extend any of the deadlines contained in the Case Management Procedures. Deadlines may be altered by the Court where the interests of justice so require, upon prompt motion, notice and hearing.

| CASE MANAGEMENT DEADLINES | |
|---|---|
| **Deadline for Service of Complaint:** | **04-05-2024** |

| | |
|---|---|
| **Deadline for Propounding Requests for Production, Requests to Admit and Interrogatories:** | **04-25-2024** |
| **Deadline for Witness and Exhibit List, including known experts:** | **05-30-2024** |
| **Deadline for Initial Scheduling and Setting Depositions:** | **06-09-2024** |
| **Deadline for Adding Parties:** | **07-09-2024** |
| **Deadline for Inspections/Examinations:** | **07-24-2024** |
| **Deadline for Expert Disclosure:** | **09-22-2024** |
| **Deadline for Discovery Completion (Including Depositions):** | **11-21-2024** |
| **Deadline for Final Witness and Exhibit List:** | **12-26-2024** |
| **Deadline for Dispositive Motions:** | **01-10-2025** |
| **Deadline for Pretrial Motions and Jury Instructions/Daubert:** | **01-25-2025** |
| **Deadline for ADR/Mediation:** | **02-09-2025** |
| **Trial Ready Deadline:** | **02-09-2025** |

## CASE MANAGEMENT PROCEDURES
### Motion Practice

1. **Duty to Communicate**: Prior to filing any motion, counsel have a duty to confer with each other directly in good faith, _not through staff_, to attempt to narrow or resolve issues. "In good faith" means you are professional and temperate in your communications, you return phone calls and emails in a timely manner, and you do not set unreasonable deadlines for responses.

2. **Scheduling of Hearings**: Motions filed (other than dispositive motions or those requiring testimony) must be noticed for hearing on the first available motion calendar. Motions not promptly set for hearing may be ruled upon by the Court on the papers.

3. **Compelling Discovery where there has been no response**: The parties are to comply with Administrative Order 06-09 when moving to compel production of propounded discovery. These motions shall be submitted via courtMAP with supporting documents and shall not be placed on motion calendar.

4. **Motions for Protective Order**: Motions for protective order must be filed as soon as the grounds are known. Counsel should be coordinating deposition dates for specific parties/witnesses and have a duty to confer regarding any issues that would be the subject of a motion for protective order prior to scheduling the deposition. The filing of the motion must not be delayed until immediately prior to the scheduled deposition. A motion for protective order does not automatically stay the deposition and the deposition shall proceed unless an order granting the motion is entered by the Court.

5. **Motions for Extension**: Motions for extension of time must state with specificity the reason why extension is needed and anticipated deadline for competition, which may not exceed the time allowed for the original deadline absent extraordinary circumstances. The Court may rule upon submission of the motion without a hearing. Any motion for extension of time must be preceded by a meet and confer with opposing counsel and absent agreement, be set for hearing immediately upon filing. Counsel should be prepared to respond promptly in the event the motion is denied.

6. **Dispositive Motions**: Motions which may dispose of specific issues, portions of the case or the entire case should be filed <u>and</u> set for hearing as soon as possible. Parties wishing to pursue a dispositive motion should target the essential discovery promptly. <u>Parties should confer to assure necessary discovery is scheduled to be completed and will be completed prior to a special set hearing date.</u>  <u>Last minute cancellations are disfavored</u>.

7. **Amendment of Pleadings**: Motions to amend should be filed so as not to affect the date of trial. Although the Court recognizes the rule of liberality with regard to amendment of pleadings, liberality declines with an approaching trial date unless the amendment involves newly discovered information not previously available. Review your pleadings for necessary amendment(s) early, not as part of last-minute trial preparation.

### Discovery

8. **Written Discovery shall be propounded promptly**:

   a. **Objections**: If objections to written discovery involve the phrasing of the request or time frame of any discovery request, these objections may not be extended (even if the parties agree) and are due at the time the initial response is due. Failure to timely make these objections, constitutes a waiver. Parties shall comply with the "Duty to Communicate" above, prior to setting timely made objections for hearing.

   b. **Documents made available for inspection and copying**: If discovery responses provide that the documents are available for inspection and copying at a mutually convenient time and place, the responding party shall immediately (within 48 hours) provide three alternative dates and times that the documents are available for inspection and copying. All of the dates shall be within ten (10) days. Failure to provide the dates and times shall constitute a failure to respond to discovery. Review shall occur within fifteen (15) days of the response, absent extraordinary circumstances. Examples of "extraordinary circumstances" include a sole practitioner in trial on another case, a medical emergency, prepaid vacation, and a death in the family.

   c. **Privilege Logs**: Privilege logs are due at the time of the response and may not be reserved to be provided later. Privilege logs must specifically identify the document in accordance with Rule 1.280(b)(6), Fla.R.Civ.P.

   Failure to timely provide the privilege log may result in the waiver of the privilege.

This procedure requires preparation of a privilege log with respect to all documents, electronically stored information, things and oral communications withheld on the basis of a claim of privilege or work product except the following: written and oral communications between a party and their counsel after commencement of the action and work product material created after commencement of the action.

Parties are instructed that where they believe that the divulgence of the logging information would necessarily cause disclosure of the allegedly privileged information, they must identify that the item exists and that *in camera* review by the court will be sought. The item may be described generically. However, if the Court determines that there is nothing inherent in the divulgence of the existence of the document or the logging information required that would violate privilege, the Court will impose sanctions for any *in camera* request determined to be frivolous. *In camera* requests by the party claiming the privilege must be signed by both the requesting attorney and the client, so as to assure that all are aware of the request and the consequences.

   d. **Expert Disclosure**: Parties should furnish opposing counsel with the names and addresses of all expert witness under Rule 1.390(a) to be called at trial and all information regarding expert testimony that is required by Rule 1.280(b)(5). Each party is limited to one expert per specialty. No other expert testimony should be permitted at trial. Information furnished pursuant to this paragraph should be timely filed.

9. **Depositions**: The parties are ordered to block time now for necessary depositions to be set in this case Expert deposition time should be coordinated and blocked as soon as experts are known to ensure compliance with this schedule. Depositions may commence at any time.   Refer to paragraph 4 above regarding motions for protective order.

## Witness and Exhibits Lists

10. **Witness and Exhibit Lists**: The parties shall timely exchange their witness and exhibit lists. The lists shall include complete proper names and addresses. If counsel chooses to list their bar address as the witness' address, counsel is deemed to have agreed to produce the witness voluntarily as they have withheld the information necessary for a witness subpoena, and counsel will be responsible for assuring that witness' presence at trial.

## **Mediation**

11. **Mediation**: Parties must mediate by the Court's deadline. The parties are responsible for assuring that they have all the necessary information to value their position prior to mediation. If the parties fail to mediate before the mediation deadline, sanctions shall be imposed by the Court. Failure to timely mediate shall not constitute just cause for a trial continuance.

    **DONE AND ORDERED** in Chambers, at Miami-Dade County, Florida, on this **5th day of February, 2024**.

2023-027816-CA-01 02-05-2024 1:26 PM

2023-027816-CA-01 02-05-2024 1:26 PM

**Valerie R. Manno Schurr**
CIRCUIT COURT JUDGE

Copies Furnished to:
Electronically Served

David McGill, dkmcgill@mcgilllegal.com
David McGill, info@mcgilllegal.com
David McGill, ycastille@mcgilllegal.com

## <u>RETURN OF SERVICE</u>

**State of Florida**                    **County of Miami-Dade**                    **Circuit Court**

Case Number: 2023-027816-CA-01

Plaintiff:
**RANFORD TAYLOR**

vs.

Defendant:
**FLORIDA EAST COAST RAILWAY CORP.**

For:
David McGill, Esq
The McGill Law Firm, LLC
2655 S. LeJeune Road
Suite 310
Coral Gables, FL 33134

Received by DLE Process Servers, Inc on the 1st day of February, 2024 at 1:15 pm to be served on **Florida East Coast Railway Corporation c/o CT Corporation System, 1200 South Pine Island Road, Plantation, FL 33324**.

I, Carlos Vila Escobar, do hereby affirm that on the **2nd day of February, 2024 at 1:30 pm, I:**

served a   **CORPORATION** by delivering a true copy of the **Summons 20 Day Corporate Service, Complaint for Damages.** at **1200 South Pine Island Road, Plantation, FL 33324** with the date and hour of service endorsed thereon by me, to:  **Dona Moch** as **Supervisor Of Process** for **Ct Corporation System, REGISTERED AGENT** on behalf of  **Florida East Coast Railway Corporation** and informing said person of the contents therein, in compliance state statutes.

I certify that I am over the age of 18, have no interest in the above action, and am a Special Process Server, in good standing, in the judicial circuit in which the process was served.

Under penalties of perjury, I declare that I have read the foregoing Verified Return of Service and that the facts stated are true. F.S. 92.525.  NOTARY NOT REQUIRED PURSUANT TO F.S. 92.525

**Carlos Vila Escobar**
SPS 1683

**DLE Process Servers, Inc**
**936 Sw 1st Avenue**
**#261**
**Miami, FL 33130**
**(786) 220-9705**

Our Job Serial Number: DLE-2024007547

Copyright © 1992-2024 DreamBuilt Software, Inc. - Process Server's Toolbox V8.2t

Filing # 189138894 E-Filed 01/04/2024 08:51:24 PM

| DELIVERED | 2/2/2024 1:30 PM |
|---|---|
| SERVER | CV |
| LICENSE | SPS 1683 |

☑ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.
☐ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.

| DIVISION<br>☑ CIVIL<br>☐ DISTRICTS<br>☐ OTHER | SUMMONS 20 DAY CORPORATE SERVICE<br>(a) GENERAL FORMS | CASE NUMBER<br>2023-027816-CA-01 |
|---|---|---|
| PLAINTIFF(S)<br>RANFORD TAYLOR | VS.  DEFENDANT(S)<br>FLORIDA EAST COAST RAILWAY CORP | SERVICE |

THE STATE OF FLORIDA:

To Each Sheriff of the State:

**YOU ARE COMMANDED** to serve this summons and copy of the complaint or petition in this action on
defendant(s): FLORIDA EAST COAST RAILWAY CORPORATION
c/o C T CORPORATION SYSTEM
1200 SOUTH PINE ISLAND ROAD PLANTATION, FL 33324

Each defendant is required to serve written defense to the complaint or petition on
Plaintiff's Attorney: David McGill, Esq

whose address is: The McGill Law Firm LLC, 2655 S. LE JEUNE RD, SUITE 310
CORAL GABLES FL 33134

within 20 days " **Except when suit is brought pursuant to s. 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to respond shall be 40 days. When suit is brought pursuant to. 768.28, Florida Statutes, the time to respond shall be 30 days."** after service of this summons on that defendant , exclusive of the day of service, and to file the original of the defenses with the Clerk of this Clerk Court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

| Juan Fernandez-Barquin<br>CLERK of COURTS | *Shadrika Finer* 9876<br>DEPUTY CLERK | DATE<br>1/8/2024 |
|---|---|---|

## AMERICANS WITH DISABILITIES ACT OF 1990
## ADA NOTICE

**"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Alican Simpkins, the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1st Avenue, Suite 2400, Miami, FL 33128; Telephone (305) 349-7175; TDD (305) 349-7174, Email ADA@jud11.flcourts.org; or via Fax at (305) 349-7355, at least seven (7) days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than seven (7) days; if you are hearing or voice impaired, call 711."**

**IN THE CIRCUIT COURT OF ELEVENTH JUDICIAL CIRCUIT,
IN AND FOR MIAMI -DADE COUNTY FLORIDA**

RANFORD TAYLOR,

                                                 Case No: 2023-027816-CA-01

        Plaintiff,

    vs.

FLORIDA EAST COAST RAILWAY CORPORATION,
 a Foreign Profit Corporation,
and Victor Granadillo,

        Defendants.

<u>**AMENDED COMPLAINT AND DEMAND FOR
JURY TRIAL**</u>

      **COMES NOW** the Plaintiff, RANFORD TAYLOR ("Plaintiff"), by and through the undersigned counsel, and by way of this Amended Complaint seeks relief against Defendant FLORIDA EAST COAST RAILWAY CORPORATION, a foreign corporation, for violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§2000e *et seq.* ("Title VII"), and the Florida Civil Rights Act of 1992, Florida Statutes §§760.01-760.11 (the "FCRA"). In support thereof, Plaintiff states as follows:

<u>**PRELIMINARY ALLEGATIONS**</u>
**(Parties)**

    1.    Plaintiff Ranford Taylor (hereinafter "Plaintiff") is, and at all times material hereto was, an adult individual residing in the county of Broward, state of Florida. Plaintiff was an "employee" of Defendant and an "aggrieved person" within the meaning of 42 U.S.C. §2000e(f) and the FCRA § 760.02(10).

2.      Defendant Florida East Coast Railway Corporation ("Defendant FECR" or "Defendant") hereinafter) is, and at all times material hereto was, a Foreign profit corporation, authorized to do business and doing business in, the state of Florida, with its offices located in Miami-Dade County, Florida. Defendant is and has been a covered "employer" within the meaning of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e(b) and the FCRA, at all times relevant to this Complaint. Defendant is a "person" within the meaning of 42 U.S.C. § 2000e(a).

3.      Defendant Victor Granadillo ("Defendant Granadillo"), is, and at all times material hereto is an individual residing and doing business in the county of Miami-Dade, state of Florida.

**(Venue)**

4.      The actions alleged herein were entered into in the county of Miami-Dade, state of Florida, and the acts and transactions herein alleged took place in the county of Miami-Dade, state of Florida.

**(Jurisdiction)**

5.      This is an action for damages in excess of the sum of Fifty Thousand dollars ($50,000.00) exclusive of interest, costs and/or attorneys' fees.

6.      This Court has jurisdiction over this case pursuant to 28 U.S.C. §1331, 28 U.S.C.§1343, 28 U.S.C. §1367, 42 U.S.C. §2000e(5)(f)(3), and Florida Statutes §§760.11 and 761.03-761.04. All conditions precedent to jurisdiction have occurred:

1.   Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (the "EEOC") within 300 days of the commission of the unlawful employment practices of the Defendant FECR;

2. On or about September 27, 2023, the EEOC found reasonable cause to some of the matters alleged in the charge and issued its Notice of Right to Sue;

3. This complaint is being timely filed within 90 days of Plaintiff's receipt of the EEOC's Notice of Right to Sue.

### Statement of Case

7. Defendant FECR is a cargo transportation company.

8. At all times relevant, Plaintiff is and was an adult male of Jamaican national origin and a devoted Hebrew Israelite.

9. At all times relevant, Plaintiff has been a lifelong member of the Tenth Tabernacle Miami, which observes the Sabbath which begins on Friday evening at sundown and ends Saturday evening at sundown.

10. Plaintiff began his employment in 2009 and most recently held the position of Signal Maintenance at Defendant FECR. Plaintiff was highly qualified to perform the duties expected of him at his position.

11. Throughout the course of his employment and up to the time of his termination, Plaintiff consistently performed his duties in an exemplary manner.

12. Since 2015, Defendant FECR was aware that he was a devote Hebrew Israelite, and that it was forbidden for the Plaintiff to work on Saturdays based on his religious beliefs and the Bible.

13. Plaintiff notified Defendant FECR of his need to have Saturdays off pursuant to his religion.

14.     Initially, Defendant FECR accommodated Plaintiff by allowing him to have Saturdays off from work.

15.     In 2017, Defendant Granadillo was Plaintiff's co-worker and repeatedly objected to Plaintiff's reasonable accommodation for Saturdays off to practice his faith.

16.     In fact, Defendant FECR allowed Defendant Granadillo to harass Plaintiff regarding his religious beliefs and threaten Plaintiff. Defendant Granadillo told Plaintiff that he "would fire him when I become supervisor."

17.     In or about May 2019, Defendant Granadillo became Plaintiff's supervisor.

18.     While Defendant Granadillo was Plaintiff's supervisor, Plaintiff was harassed and exposed to a hostile work environment because his religion and national origin.

19.     Defendant FECR management and Defendant Granadillo would force Plaintiff to work on the Sabbath and gave preferential treatment to Hispanic individuals outside his protected class.

20.     On several occasions, Defendant FECR management would unjustly criticize and make inappropriate jokes directly and indirectly about Plaintiff.

21.     Plaintiff was told several times by Defendant Granadillo and management that they would no longer honor his reasonable accommodation. Plaintiff attempted to volunteer to work on Sundays for those who practice their religion on Sunday, however, this request was denied by Defendant FECR.

22.     Again, Defendant Granadillo told Plaintiff that he was going to have him fired.

23.     On September 9, 2020, Plaintiff was wrongfully reprimanded for allegedly not preforming his duties.

24.     A week later on September 16, 2020, Plaintiff was reprimanded by Defendant Granadillo for failing to follow protocols and received a 30-day suspension.

25.     On November 6, 2020, Plaintiff was reprimanded for not following safety protocols. None of his Hispanic coworkers or employees outside his protected class were reprimanded.

26.     On November 30, 2020, Plaintiff made a lawful complaint against Defendant FECR management for discrimination, unfair practices, and hostile work environment.

27.     In retaliation for making a lawful complaint, on December 20, 2020, Plaintiff was reprimanded for safety violations. None of his Hispanic coworkers or employees outside his protected class were reprimanded.

28.     Soon thereafter, on December 22, 2020, Plaintiff was wrongfully terminated.

## COUNT ONE

### Failure to Accommodate in Violation of the FCRA

29.     Plaintiff incorporates by reference herein and re-alleges the allegations in Paragraph 1 through 28 above as though set forth fully herein.

30.     Plaintiff is, and at all times relevant herein was, a practicing member of the Tenth Tabernacle Miami. Pursuant to his Hebrew Israelite religious beliefs and in order to keep Saturday and/or the Sabbath holy, Plaintiff abstains from secular work from Friday evening at sundown in to Saturday evening at sundown.

31.     Since on or about October of 2019, Plaintiff made numerous requests, both verbally and in writing, for religious accommodation.

32.     The accommodation the Plaintiff requested would not have caused an undue hardship to the Defendant FECR.

33.     Instead, of reasonably accommodating Plaintiff's sincerely held religious beliefs, Defendant disciplined Plaintiff and ultimately fired him.

34.     By virtue of Defendant's actions and inactions as set forth above, Defendant FECR has violated the FCRA with regard to Plaintiff by failing to accommodate his sincerely held religious beliefs.

35.     Plaintiff's sincerely held religious belief was a motivating factor in refusing to accommodate Plaintiff.

36.     The conduct of the Defendant FECR in not reasonably accommodating Plaintiff's beliefs was intentional. Defendant FECR engaged in a discriminatory practice or practices with malice or with reckless indifference to the federally protected rights of the Plaintiff.

37.     As a direct and proximate result of Defendant's actions, Plaintiff has suffered and will continue to suffer lost wages, benefits and entitlements, damage to career and reputation, personal humiliation, mental anguish, and embarrassment justifying an award including, but not limited to, back pay, lost benefits, front pay, compensatory damages, and punitive damages according to proof against Defendant FECR.

## **<u>COUNT TWO</u>**

### **Failure to Accommodate in Violation of the Title VII**

38.     Plaintiff incorporates by reference herein and re-alleges the allegations in Paragraph 1 through 28 above as though set forth fully herein.

39.     Plaintiff is, and at all times relevant herein was, a practicing member of the Tenth Tabernacle Miami. Pursuant to his Hebrew Israelite religious beliefs and in order to keep Saturday

and/or the Sabbath holy, Plaintiff abstains from secular work from Friday evening at sundown and to Saturday evening at sundown.

40.     Since on or about October of 2019, Plaintiff made numerous requests, both verbally and in writing, for religious accommodation.

41.     The accommodation the Plaintiff requested would not have caused an undue hardship to the Defendant FECR.

42.     Instead, of reasonably accommodating Plaintiff's sincerely held religious beliefs, Defendant disciplined Plaintiff and ultimately fired him.

43.     By virtue of Defendant's actions and inactions as set forth above, Defendant FECR has violated Title VII with regard to Plaintiff by failing to accommodate his sincerely held religious beliefs.

44.     Plaintiff's sincerely held religious belief was a motivating factor in refusing to accommodate Plaintiff.

45.     The conduct of the Defendant FECR in not reasonably accommodating Plaintiff's beliefs was intentional. Defendant FECR engaged in a discriminatory practice or practices with malice or with reckless indifference to the federally protected rights of the Plaintiff.

46.     As a direct and proximate result of Defendant's actions, Plaintiff has suffered and will continue to suffer lost wages, benefits and entitlements, damage to career and reputation, personal humiliation, mental anguish, and embarrassment justifying an award including, but not limited to, back pay, lost benefits, front pay, compensatory damages, and punitive damages according to proof against Defendant FECR.

## COUNT THREE

### Religious Discrimination-Violation of the FCRA

47.    Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 28 as if set out in full herein.

48.    At all times material hereto, Defendant FECR failed to comply with the FCRA, which states, in part, that it is an unlawful employment practice for an employer "[t]o discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin, age, handicap, or marital status." (emphasis added)

49.    Plaintiff is a member of protected class of citizens who are Hebrew Israelites.

50.    Hebrew Israelite is a recognized religious belief and the Defendant FECR was aware of Plaintiff's religious beliefs.

51.    At all times necessary, Plaintiff was qualified to perform his duties.

52.    After late 2019, Defendant FECR failed to legitimately offer Plaintiff any reasonable accommodation for Plaintiff's religious beliefs and actively engaged in actions to discourage other employees from accommodating Plaintiff's religious beliefs.

53.    In its continuing effort to refuse any reasonable accommodation of Plaintiff's religious beliefs, Defendant FECR continuously reprimanded Plaintiff for following his religious beliefs until the Defendant FECR ultimately fired Plaintiff on December 22, 2020.

54.    Because of Plaintiff's religious beliefs, Defendant FECR discriminated against Plaintiff and created a hostile work environment for Plaintiff which included, inter alia, allowing

other employees to mock Plaintiff's religious beliefs on a continuous basis, reprimanding Plaintiff for following his religious beliefs, and firing Plaintiff.

55.     Defendant FECR's discrimination and harassing conduct towards Plaintiff was based on his religious beliefs.

56.     Defendant FECR's conduct was pervasive and regular and detrimentally affected Plaintiff.

57.     Similarly situated employees who are not Hebrew Israelites were not subjected to the conduct described and referred to in paragraphs 1 through 28 and 38 through 47 of this Complaint.

58.     Defendant FECR violated the FCRA by discriminating against Plaintiff because of his religion. Alternatively, Plaintiff's religion was a motivating factor which prompted the Defendant FECR to harass and fire Plaintiff.

59.     As a direct and proximate result of the Defendant FECR's conduct, Plaintiff has suffered, is now suffering and will continue to suffer emotional distress, humiliation, embarrassment, and economic losses.

60.     Any alleged nondiscriminatory reason for this treatment of Plaintiff by the Defendant FECR is a mere pretext for the actual reason for discriminating against him based on his religion.

61.     Defendant FECR's actions were malicious and were recklessly indifferent to Plaintiff's rights pursuant to Fla. Stat. §760.10.

62.     The aforementioned actions of the Corporate Defendant FECR were done wantonly, willfully, maliciously and with reckless disregard of the consequences of such actions.

## COUNT FOUR

**Religious Discrimination – Violation of the Title VII**

63.     Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 28 as if set out in full herein.

64.     Plaintiff is a member of protected class of citizens who are Hebrew Israelites.

65.     Hebrew Israelite is a recognized religious belief and the Defendant FECR was aware of Plaintiff's religious beliefs.

66.     At all times necessary, Plaintiff was qualified to perform his duties.

67.     After late 2019, Defendant FECR failed to legitimately offer Plaintiff any reasonable accommodation for Plaintiff's religious beliefs and actively engaged in actions to discourage other employees from accommodating Plaintiff's religious beliefs.

68.     In its continuing effort to refuse any reasonable accommodation of Plaintiff's religious beliefs, Defendant FECR continuously reprimanded Plaintiff for following his religious beliefs until the Defendant FECR ultimately fired Plaintiff on December 22, 2020.

69.     Because of Plaintiff's religious beliefs, Defendant FECR discriminated against Plaintiff and created a hostile work environment for Plaintiff which included, inter alia, allowing other employees to mock Plaintiff's religious beliefs on a continuous basis, reprimanding Plaintiff for following his religious beliefs, and firing Plaintiff.

70.     Because of Plaintiff's religious beliefs, Defendant discriminated against Plaintiff and created a hostile work environment for Plaintiff which included, *inter alia*, allowing other employees to mock Plaintiff's religious beliefs, and reprimanding Plaintiff for following his religious beliefs.

71.     Defendant FECR's conduct was pervasive and regular and detrimentally affected Plaintiff.

72.     Similarly situated employees who are not Hebrew Israelites were not subjected to the conduct described and referred to in paragraphs 1 through 28 and 38 through 47 of this Complaint.

73.     Defendant FECR violated the Title VII by discriminating against Plaintiff because of his religion. Alternatively, Plaintiff's religion was a motivating factor which prompted the Defendant FECR to harass and fire Plaintiff.

74.     As a direct and proximate result of the Defendant FECR's conduct, Plaintiff has suffered, is now suffering and will continue to suffer emotional distress, humiliation, embarrassment, and economic losses.

75.     Any alleged nondiscriminatory reason for this treatment of Plaintiff by the Defendant FECR is a mere pretext for the actual reason for discriminating against him based on his religion.

76.     Defendant FECR's actions were malicious and were recklessly indifferent to Plaintiff's rights.

77.     The aforementioned actions of the Corporate Defendant FECR were done wantonly, willfully, maliciously and with reckless disregard of the consequences of such actions.

## COUNT FIVE

**Religious Harassment – Violation of Florida Statute 760.10(a)**
**as against Defendant FLORIDA EAST COAST RAILWAY**

78.     Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 28 above as though fully set forth at length herein.

79.     At all times mentioned in this cause of action, all provisions of the Florida Civil Rights Act of 1992 were in full force and effect and were binding on Defendant FECR.

80.     At all times mentioned in this cause of action, Plaintiff was an employee of Defendant FECR and Defendant FECR was an Employer as defined by Florida Statute 760.02 (7).

81.     Plaintiff is a member of protected class of citizens who are Hebrew Israelites. During Plaintiff's employment with Defendant FECR, Defendant FECR harassed Plaintiff on the basis of his religion (Hebrew Israelite) and subjected Plaintiff to an intimidating, hostile and offensive work environment.  Defendant's harassment included, but was not limited to, the following:

82.     Subjecting Plaintiff to different terms and conditions of employment than non-Hebrew Israelites employees by not allowing him time off for his Sabbath;

83.     Humiliating Plaintiff because of his religion;

84.     Treating Plaintiff differently than non-Hebrew Israelites employees by not fully investigating his lawful complaint of religious discrimination and harassment;

85.     Treating Plaintiff differently than non-Hebrew Israelites employees by subjecting Plaintiff to excessive harassment when evaluating his work performance;

86.     Subjecting Plaintiff to a hostile work environment;

87.     Allowing Plaintiff's supervisor to treat Plaintiff differently than non-Hebrew

Israelites employees by trying to humiliate him in front of his colleagues;

88.     Allowing Plaintiff's supervisor to subject Plaintiff to arbitrary, unfair, and dishonest criticisms; and

89.     Wrongfully terminating Plaintiff without cause.

90.     As a proximate result of Defendant FECR's unlawful conduct, as set forth above, Plaintiff has suffered and continues to suffer substantial losses incurred in seeking subsequent comparable employment, earnings, deferred compensation, earning capacity, back pay, front pay and other employment benefits, all to his detriment, in an amount to be shown according to proof.

91.     As a further proximate result of Defendant FECR's unlawful conduct, Plaintiff has suffered and continues to suffer physical personal injuries, embarrassment, humiliation, mental anguish, and other general damages, all to his detriment, in an amount to be shown according to proof.

92.     Moreover, as a result of Defendant FECR's unlawful conduct, as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as provided by Florida Statute §760.11.

93.     Plaintiff demands judgment against Defendant FECR, a trial by jury on all issues so triable, and any other relief the Court deems just and proper.

## COUNT SIX

### Religious Harassment – Violation of Title VII
### as against Defendant FLORIDA EAST COAST RAILWAY

94.     Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 28 above as though fully set forth at length herein.

95.     At all times mentioned in this cause of action, all provisions of the Title VII were in full force and effect and were binding on Defendant FECR.

96.     At all times mentioned in this cause of action, Plaintiff was an employee of Defendant FECR and Defendant FECR was an Employer.

97.     Plaintiff is a member of protected class of citizens who are Hebrew Israelites. During Plaintiff's employment with Defendant FECR, Defendant FECR harassed Plaintiff on the basis of his religion (Hebrew Israelite) and subjected Plaintiff to an intimidating, hostile and offensive work environment.  Defendant's harassment included, but was not limited to, the following:

1. Subjecting Plaintiff to different terms and conditions of employment than non-Hebrew Israelites employees by not allowing him time off for his Sabbath;

2. Humiliating Plaintiff because of his religion;

3. Treating Plaintiff differently than non-Hebrew Israelites employees by not fully investigating his lawful complaint of religious discrimination and harassment;

4. Treating Plaintiff differently than non-Hebrew Israelites employees by subjecting Plaintiff to excessive harassment when evaluating his work performance;

5. Subjecting Plaintiff to a hostile work environment;

6. Allowing Plaintiff's supervisor to treat Plaintiff differently than non-Hebrew Israelites employees by trying to humiliate him in front of his colleagues;

7. Allowing Plaintiff's supervisor to subject Plaintiff to arbitrary, unfair, and dishonest criticisms; and

8. Wrongfully terminating Plaintiff without cause.

98.     As a proximate result of Defendant FECR's unlawful conduct, as set forth above, Plaintiff has suffered and continues to suffer substantial losses incurred in seeking subsequent

comparable employment, earnings, deferred compensation, earning capacity, back pay, front pay and other employment benefits, all to his detriment, in an amount to be shown according to proof.

99.     As a further proximate result of Defendant FECR's unlawful conduct, Plaintiff has suffered and continues to suffer physical personal injuries, embarrassment, humiliation, mental anguish, and other general damages, all to his detriment, in an amount to be shown according to proof.

100.     Moreover, as a result of Defendant FECR's unlawful conduct, as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit.

101.     Plaintiff demands judgment against Defendant FECR, a trial by jury on all issues so triable, and any other relief the Court deems just and proper.

## COUNT SEVEN

### Retaliation - Violation of FCRA

102.     Plaintiff incorporates by reference herein and re-alleges the allegations in Paragraph 1 through 28 above as though set forth fully herein.

103.     Plaintiff is, and at all times relevant herein was, a practicing member of the Tenth Tabernacle Miami. Pursuant to his Hebrew Israelite religious beliefs and in order to keep Saturday and/or the Sabbath holy, Plaintiff abstains from secular work from Friday evening at sundown and to Saturday evening at sundown.

104.     Plaintiff engaged in actions protected by the FCRA to receive accommodations from Defendant FECR for his religious beliefs, including, but not limited to, making numerous oral and written requests for accommodation.

105.    Because of Plaintiff's protected actions, Defendant FECR retaliated against Plaintiff by, among other things, creating a hostile work environment for Plaintiff, reprimanding Plaintiff for his religious beliefs, and terminating Plaintiff.

106.    The conduct of the Defendant FECR in retaliating against Plaintiff because of his protected actions was intentional. Defendant FECR engaged in a discriminatory practice or practices with malice or with reckless indifference to the protected rights of the Plaintiff.

107.    As a direct and proximate result of Defendant FECR's actions, Plaintiff has suffered and will continue to suffer lost wages, benefits and entitlements, damage to career and reputation, personal humiliation, mental anguish, and embarrassment justifying an award including, but not limited to, back pay, lost benefits, front pay, compensatory damages, and punitive damages according to proof against Defendant FECR.

## COUNT EIGHT

### Retaliation - Violation of Title VII

108.    Plaintiff incorporates by reference herein and re-alleges the allegations in Paragraph 1 through 28 above as though set forth fully herein.

109.    Plaintiff is, and at all times relevant herein was, a practicing member of the Tenth Tabernacle Miami. Pursuant to his Hebrew Israelite religious beliefs and in order to keep Saturday and/or the Sabbath holy, Plaintiff abstains from secular work from Friday evening at sundown and to Saturday evening at sundown.

110.    Plaintiff engaged in actions protected by Title VII to receive accommodations from Defendant FECR for his religious beliefs, including, but not limited to, making numerous oral and written requests for accommodation.

111.    Because of Plaintiff's protected actions, Defendant FECR retaliated against Plaintiff by, among other things, creating a hostile work environment for Plaintiff, reprimanding Plaintiff for his religious beliefs, and terminating Plaintiff.

112.    The conduct of the Defendant FECR in retaliating against Plaintiff because of his protected actions was intentional. Defendant FECR engaged in a discriminatory practice or practices with malice or with reckless indifference to the protected rights of the Plaintiff.

113.    As a direct and proximate result of Defendant FECR's actions, Plaintiff has suffered and will continue to suffer lost wages, benefits and entitlements, damage to career and reputation, personal humiliation, mental anguish, and embarrassment justifying an award including, but not limited to, back pay, lost benefits, front pay, compensatory damages, and punitive damages according to proof against Defendant FECR.

## COUNT EIGHT

### National Origin Harassment – Violation of Florida Statute 760.10(a) as against Defendant FLORIDA EAST COAST RAILWAY

114.    Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 28 above as though fully set forth at length herein.

115.    At all times mentioned in this cause of action, all provisions of the Florida Civil Rights Act of 1992 were in full force and effect and were binding on Defendant FECR.

116.    At all times mentioned in this cause of action, Plaintiff was an employee of Defendant FECR and Defendant FECR was an Employer as defined by Florida Statute 760.02 (7).

117.    Plaintiff is a male of Jamaican origin.  During Plaintiff's employment with Defendant FECR, Defendant FECR harassed Plaintiff on the basis of his national origin (Jamaican)

and subjected Plaintiff to an intimidating, hostile and offensive work environment.  Defendant's harassment included, but was not limited to, the following:

1.  Subjecting Plaintiff to different terms and conditions of employment than non-Jamaican employees;

2.  Holding Plaintiff to different standards than non-Jamaican American employees;

3.  Treating Plaintiff differently than non-Jamaican American employees by not fully investigating his lawful complaint of national origin discrimination and harassment;

4.  Treating Plaintiff differently than non-Jamaican American employees by subjecting Plaintiff to excessive harassment when evaluating his work performance;

5.  Subjecting Plaintiff to a hostile work environment;

6.  Allowing Plaintiff's supervisor to treat Plaintiff differently than non-Jamaican American employees by trying to humiliate him in front of his colleagues;

7.  Allowing Plaintiff's supervisor to subject Plaintiff to arbitrary, unfair, and dishonest criticisms; and

8.  Wrongfully terminating Plaintiff without cause.

118.    As a proximate result of Defendant FECR's unlawful conduct, as set forth above, Plaintiff has suffered and continues to suffer substantial losses incurred in seeking subsequent comparable employment, earnings, deferred compensation, earning capacity, back pay, front pay and other employment benefits, all to his detriment, in an amount to be shown according to proof.

119.    As a further proximate result of Defendant FECR's unlawful conduct, Plaintiff has suffered and continues to suffer physical personal injuries, embarrassment, humiliation, mental anguish, and other general damages, all to his detriment, in an amount to be shown according to proof.

120.    Moreover, as a result of Defendant FECR's unlawful conduct, as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as provided by Florida Statute §760.11.

121.    Plaintiff demands judgment against Defendant FECR, a trial by jury on all issues so triable, and any other relief the Court deems just and proper.

## COUNT NINE

**National Origin Harassment – Violation of Title VII**
**as against Defendant FLORIDA EAST COAST RAILWAY**

122.    Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 28 above as though fully set forth at length herein.

123.    At all times mentioned in this cause of action, all provisions of Title VII of the Civil Rights Act of 1964 were in full force and effect and were binding on Defendant FECR.

124.    At all times mentioned in this cause of action, Plaintiff was an employee of Defendant FECR and Defendant FECR was an Employer as defined Title VII of the Civil Rights Act of 1964.

125.    Plaintiff is a male of Jamaican origin.  During Plaintiff's employment with Defendant FECR, Defendant FECR harassed Plaintiff on the basis of his national origin (Jamaican) and subjected Plaintiff to an intimidating, hostile and offensive work environment.  Defendant's harassment included, but was not limited to, the following:

1. Subjecting Plaintiff to different terms and conditions of employment than non-Jamaican employees;

2. Holding Plaintiff to different standards than non-Jamaican American employees;

3. Treating Plaintiff differently than non-Jamaican American employees by not fully

investigating his lawful complaint of national origin discrimination and harassment;

4. Treating Plaintiff differently than non-Jamaican American employees by subjecting Plaintiff to excessive harassment when evaluating his work performance;

5. Subjecting Plaintiff to a hostile work environment;

6. Allowing Plaintiff's supervisor to treat Plaintiff differently than non-Jamaican American employees by trying to humiliate him in front of his colleagues;

7. Allowing Plaintiff's supervisor to subject Plaintiff to arbitrary, unfair, and dishonest criticisms; and

8. Wrongfully terminating Plaintiff without cause.

126.   As a proximate result of Defendant FECR's unlawful conduct, as set forth above, Plaintiff has suffered and continues to suffer substantial losses incurred in seeking subsequent comparable employment, earnings, deferred compensation, earning capacity, back pay, front pay and other employment benefits, all to his detriment, in an amount to be shown according to proof.

127.   As a further proximate result of Defendant FECR's unlawful conduct, Plaintiff has suffered and continues to suffer physical personal injuries, embarrassment, humiliation, mental anguish, and other general damages, all to his detriment, in an amount to be shown according to proof.

128.   Moreover, as a result of Defendant FECR's unlawful conduct, as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as provided by Title VII of the Civil Rights Act of 1964.

129.   Plaintiff demands judgment against Defendant FECR, a trial by jury on all issues so triable, and any other relief the Court deems just and proper.

## COUNT TEN

### National Origin Discrimination – Violation of Florida Statute 760.10(a)
### as against FLORIDA EAST COAST RAILWAY

130.    Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 28 above as though fully set forth at length herein.

131.    At all times mentioned in this cause of action, all provisions of the Florida Civil Rights Act of 1992 were in full force and effect and were binding on Defendant FECR.

132.    At all times mentioned in this cause of action, Plaintiff was an employee of Defendant FECR, and Defendant FECR was an Employer as defined by Florida Statute 760.02 (7).

133.    During Plaintiff's employment with Defendant FECR, Defendant discriminated Plaintiff on the basis of his national origin (Jamaican). Defendant's discrimination included, but was not limited to, the following:

1. Subjecting Plaintiff to different terms and conditions of employment than non-Jamaican American employees;

2. Holding Plaintiff to different standards than non-Jamaican American employees;

3. Treating Plaintiff differently than non-Jamaican American employees by not fully investigating his lawful complaint of national origin discrimination and harassment;

4. Subjecting Plaintiff to a hostile work environment;

5. Treating Plaintiff differently than non-Jamaican American employees by refusing to transfer or reassign Plaintiff to different area;

6. Allowing Plaintiff's supervisor to treat Plaintiff differently than non-Jamaican American employees by trying to humiliate him in front of his colleagues;

7. Allowing Plaintiff's supervisor to subject Plaintiff to arbitrary, unfair, and dishonest

criticisms; and

8. Wrongfully terminating Plaintiff without cause.

134. As a proximate result of Defendant FECR's unlawful conduct, as set forth above, Plaintiff has suffered and continues to suffer substantial losses incurred in seeking subsequent comparable employment, earnings, deferred compensation, earning capacity, back pay, front pay and other employment benefits, all to his detriment, in an amount to be shown according to proof.

135. As a further proximate result of Defendant FECR's unlawful conduct, Plaintiff has suffered and continues to suffer physical personal injuries, embarrassment, humiliation, mental anguish, and other general damages, all to his detriment, in an amount to be shown according to proof.

136. Moreover, as a result of Defendant FECR's unlawful conduct, as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as provided by Florida Statute §760.11.

137. Plaintiff demands judgment against Defendant FECR, a trial by jury on all issues so triable, and any other relief the Court deems just and proper.

## **COUNT ELEVEN**

**National Origin Discrimination – Violation of Title VII**
**as against FLORIDA EAST COAST RAILWAY**

138. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 28 above as though fully set forth at length herein.

139. At all times mentioned in this cause of action, all provisions of the Title VII of the Civil Rights Act of 1964 were in full force and effect and were binding on Defendant FECR.

140.    At all times mentioned in this cause of action, Plaintiff was an employee of Defendant FECR, and Defendant FECR was an Employer as defined by Title VII of the Civil Rights Act of 1964.

141.    During Plaintiff's employment with Defendant FECR, Defendant discriminated Plaintiff on the basis of his national origin (Jamaican). Defendant's discrimination included, but was not limited to, the following:

1.  Subjecting Plaintiff to different terms and conditions of employment than non-Jamaican American employees;

2.  Holding Plaintiff to different standards than non-Jamaican American employees;

3.  Treating Plaintiff differently than non-Jamaican American employees by not fully investigating his lawful complaint of national origin discrimination and harassment;

4.  Subjecting Plaintiff to a hostile work environment;

5.  Treating Plaintiff differently than non-Jamaican American employees by refusing to transfer or reassign Plaintiff to different area;

6.  Allowing Plaintiff's supervisor to treat Plaintiff differently than non-Jamaican American employees by trying to humiliate him in front of his colleagues;

7.  Allowing Plaintiff's supervisor to subject Plaintiff to arbitrary, unfair, and dishonest criticisms; and

8.  Wrongfully terminating Plaintiff without cause.

142.    As a proximate result of Defendant FECR's unlawful conduct, as set forth above, Plaintiff has suffered and continues to suffer substantial losses incurred in seeking subsequent comparable employment, earnings, deferred compensation, earning capacity, back pay, front pay and other employment benefits, all to his detriment, in an amount to be shown according to proof.

143.     As a further proximate result of Defendant FECR's unlawful conduct, Plaintiff has suffered and continues to suffer physical personal injuries, embarrassment, humiliation, mental anguish, and other general damages, all to his detriment, in an amount to be shown according to proof.

144.     Moreover, as a result of Defendant FECR's unlawful conduct, as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs.

145.     Plaintiff demands judgment against Defendant FECR, a trial by jury on all issues so triable, and any other relief the Court deems just and proper.

## COUNT SIX

### Retaliation – Violation of Florida Statute 760.10 (7)
### As against Defendant FLORIDA EAST COAST RAILWAY

146.     Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 28 above as though fully set forth at length herein.

147.     Plaintiff complained to Defendant FECR management regarding the religious and national origin discrimination and harassment he was subjected to by Defendant FECR Management.

148.     By terminating Plaintiff for complaining about unlawful harassment and discrimination, Defendant is in violation of Florida Statute 760.10(7).

149.     At all times mentioned in this cause of action, Plaintiff was an employee of Defendant FECR and Defendant FECR was an employer as defined by Florida Statute 760.02(7).

150.     During Plaintiff's employment, Defendant FECR management retaliated against Plaintiff for participating in actions protected under the Florida Civil Rights Act of 1992, when he

complained about the harassment Defendants were subjecting him to as more fully set forth in paragraph 147 above.

151.     This retaliatory course of conduct at work, included, but was not limited to, the following:

1.     Subjecting Plaintiff to different terms and conditions of employment;

2.     Holding Plaintiff to different standards than Non-Jamaican American employees;

3.     Treating Plaintiff unfavorably based upon his national origin;

4.     Treating Plaintiff differently than non-Jamaican American employees by subjecting Plaintiff to excessive harassment;

5.     Allowing Plaintiff's supervisor to subject Plaintiff to arbitrary, unfair, and dishonest criticisms; and

6.     Wrongfully terminating Plaintiff without cause.

152.     As a proximate result of Defendant FECR's unlawful conduct, as set forth above, Plaintiff has suffered and continues to suffer substantial losses incurred in seeking subsequent comparable employment, earnings, deferred compensation, earning capacity, back pay, front pay, and other employment benefits, all to his detriment, in an amount to be shown according to proof.

153.     As a further proximate result of Defendant FECR's unlawful conduct, Plaintiff has suffered and continues to suffer physical personal injuries, embarrassment, humiliation, mental anguish, and other general damages, all to his detriment, in an amount to be shown according to proof.

154.     Moreover, as a result of Defendant FECR's unlawful conduct, as alleged herein, Plaintiff is entitled to reasonable attorney's fees and costs of said suit, as provided by Florida Statute 760.11.

155.     Plaintiff demands judgment against Defendant FECR, a trial by jury on all issues so triable, and any other relief the Court deems just and proper.

## COUNT TWELVE

### Retaliation - Violation of Title VII
### As against Defendant FLORIDA EAST COAST RAILWAY

156.     Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 28 above as though fully set forth at length herein.

157.     Plaintiff complained to Defendant FECR management regarding the discrimination and harassment he was subjected to by Defendant FECR Management.

158.     By terminating Plaintiff for complaining about unlawful harassment and discrimination, Defendant is in violation of Title VII of the Civil Rights Act of 1964.

159.     At all times mentioned in this cause of action, Plaintiff was an employee of Defendant FECR and Defendant FECR was an employer as defined by Title VII of the Civil Rights Act of 1964.

160.     During Plaintiff's employment, Defendant FECR management retaliated against Plaintiff for participating in actions protected under Title VII of the Civil Rights Act of 1964., when he complained about the harassment Defendants were subjecting him to as more fully set forth in paragraph 157 above.

161.     This retaliatory course of conduct at work, included, but was not limited to, the following:

1.    Subjecting Plaintiff to different terms and conditions of employment than other employees;

2.    Holding Plaintiff to different standards than Non-Jamaican American employees;

3.    Treating Plaintiff unfavorably based upon his national origin;

4.    Treating Plaintiff differently than non-Jamaican American employees by subjecting Plaintiff to excessive harassment;

5.    Allowing Plaintiff's supervisor to subject Plaintiff to arbitrary, unfair, and dishonest criticisms; and

6.    Wrongfully terminating Plaintiff without cause.

162.    As a proximate result of Defendant FECR's unlawful conduct, as set forth above,

163.    Plaintiff has suffered and continues to suffer substantial losses incurred in seeking subsequent comparable employment, earnings, deferred compensation, earning capacity, back pay, front pay, and other employment benefits, all to his detriment, in an amount to be shown according to proof.

164.    As a further proximate result of Defendant FECR's unlawful conduct, Plaintiff has suffered and continues to suffer physical personal injuries, embarrassment, humiliation, mental anguish, and other general damages, all to his detriment, in an amount to be shown according to proof.

165.    Moreover, as a result of Defendant FECR's unlawful conduct, as alleged herein, Plaintiff is entitled to reasonable attorney's fees and costs of said suit, as provided by Title VII of the Civil Rights Act of 1964.

166.     Plaintiff demands judgment against Defendant FECR, a trial by jury on all issues so triable, and any other relief the Court deems just and proper.

## **COUNT THIRTEEN**

### **Tortious Interference with a Business/Employment Relationship as against Defendant Victor Granadillo**

167.     Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 28 above, as though fully set forth at length herein.

168.     Plaintiff alleges that at all times relevant to this cause of action, Defendant Victor Granadillo was not acting within the course and scope of his employment but rather was acting with ulterior purposes and without an honest belief that his actions would benefit his employer FECR.

169.     Plaintiff and Defendant FECR entered into a business relationship whereby Plaintiff would be employed as Signal Maintenance.

170.     Defendant Victor Granadillo knew Plaintiff had a business/employment relationship with Defendant FECR and knew the terms and conditions of Plaintiff's business/employment with Defendant FECR.

171.     Defendant Victor Granadillo tortiously interfered with Plaintiff's business/employment relationship by:

1. Creating a hostile work environment on the basis of Plaintiff's religion and national origin;

2. Harassing Plaintiff;

3. Providing misleading information to FECR management in an attempt to influence and advise FECR to initiate an adverse employment action against Plaintiff;

4. Retaliating against Plaintiff for objecting to religion and national origin discrimination/harassment and by advising and causing Plaintiff to be terminated by FECR.

172.     Defendant Victor Granadillo intended on interfering with the business/employment relationship between Plaintiff and Defendant FECR, when he engaged in the conduct outlined above in paragraph 171.

173.     As a proximate result of Defendant Victor Granadillo's tortious interference as alleged herein, Plaintiff has suffered substantial losses and damages incurred in lost income, lost future income, bonuses, medical benefits and other compensation, back pay, front pay, and in earning capacity in an amount to be determined according to proof.

174.   As a further direct and proximate result of the wrongful acts of Defendant Victor Granadillo, Plaintiff has suffered shock, anger, embarrassment, humiliation, anguish, and other emotional distress, all to Plaintiff's general damages in a sum which has not yet been finally ascertained, and which will be shown according to proof.

175.   Plaintiff demands judgment against the Defendant Victor Granadillo, a trial by jury on all issues so triable and any other relief this Court deems just and proper.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays judgment against Defendants as follows:

1.     For special and economic damages, including but not limited to, back pay and front pay, past, present, and future income, compensatory damages, lost wages and lost employee benefits, for all Causes of Action

2.     For general damages and non-economic damages, mental and emotional distress damages, damages for physical injuries and anguish, and other special and general damages according to proof, for all Causes of Action;

3.     For an award of interest, including prejudgment interest, at the legal rate;

4.     For Attorneys' fees under the applicable Florida Statutes;

5.      For injunctive relief including requiring Defendant FECR to adopt reasonable postings and changes in personnel policies and procedures regarding race harassment, discrimination and retaliation, requiring training about race harassment for all managerial employees, for a permanent injunction enjoining Defendant FECR, its agents, successors and employees and those acting in concert with them from engaging in each of the unlawful practices, policies, usages and customs set forth hereinabove, and for such other injunctive relief as the Court may deem proper;

6.      For costs and fees of suit herein incurred;

7.      For such other and further relief as the Court may deem proper.

Dated this 20th day of March 2024.

Respectfully Submitted,

David McGill, Esquire
Florida Bar No. 021872
Attorney for Plaintiff
The McGill Law Firm LLC.
2655 S. Le Jeune Rd Suite 310
786 375 5621 O
800 615 9815 F
dkmcgill@mcgilllegal.com