UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:24-cv-21329-DPG

**RANFORD TAYLOR,**

    Plaintiff,

v.

**FLORIDA EAST COAST RAILWAY CORPORATION,**
A Foreign Profit Corporation,
and **VICTOR GRANADILLO,**

    Defendants.
_____/

**ORDER**

**THIS CAUSE** comes before the Court on Defendant Florida East Coast Railway Corporation's Partial Motion to Dismiss with Prejudice (the "Motion"). [ECF No. 4]. The Court has reviewed the Motion and the record and is otherwise fully advised. For the reasons set forth below, the Motion is DENIED.

**BACKGROUND**[1]

**I.    Factual Background**

Plaintiff Ranford Taylor ("Taylor") brought this action against Defendants Florida East Coast Railway Corporation (the "FECR") and Victor Granadillo ("Granadillo") alleging claims

---

[1] Facts included in this section are taken from Plaintiff's Amended Complaint and are taken as true for the purpose of adjudicating Defendant's Motion. [ECF No. 1-1 at 36]. The Court also takes judicial notice of Taylor's Charge of Discrimination. A court generally may not consider matters outside the pleadings without converting a motion to dismiss under Rule 12(b)(6) into one for summary judgment under Rule 56. However, the incorporation doctrine allows a court to take judicial notice of public records, including EEOC documents, when adjudicating a 12(b)(6) motion. *See Horne v. Potter*, 392 F. App'x. 800, 802 (11th Cir. Aug. 16, 2010) (affirming district court's consideration of EEOC right-to-sue letter, without converting motion to one for summary judgment); *Lambert v. Ala. Dep't of Youth Servs.*, 150 F. App'x. 990, 991-94 (11th Cir. Oct. 21, 2005) (considering an EEOC Charge attached to a motion to dismiss when affirming dismissal of Title VII claims).

for religious and national origin discrimination, religious and national origin harassment, failure to accommodate, retaliation, and tortious interference with a business/employment relationship.

Taylor is an adult male of Jamaican nationality and a devoted Hebrew Israelite. Defendant FECR is a cargo transportation company and Taylor's former employer. Defendant Granadillo was Taylor's co-worker at FECR; and in or around May 2019, Granadillo became Taylor's supervisor. Taylor began working for FECR in 2009 and worked in "Signal Maintenance." Taylor notified FECR that he would need to have Saturdays off in order to observe the Sabbath. Initially, FECR agreed to accommodate Taylor's request. However, in 2017, Defendant Granadillo repeatedly objected to Taylor's reasonable accommodation. Granadillo harassed Taylor regarding his religious beliefs and threatened to fire Taylor when he became a supervisor. Taylor alleges that when Granadillo became his supervisor, Granadillo did harass and expose Taylor to a hostile work environment because of his religion and national origin. FECR and Granadillo subsequently forced Taylor to work on the Sabbath and gave preferential treatment to Hispanic coworkers.

On September 9, 2020, Taylor was wrongfully reprimanded by Granadillo for failure to perform his duties. On September 16, 2020, Granadillo reprimanded Taylor again for failing to follow protocols and suspended him from work for thirty days. On November 6, 2020, Taylor was reprimanded for a third time for not following safety protocols. On November 18, 2020, Taylor sent a "formal complaint" to FECR's human resources department stating that "since a change in supervision" that occurred a year earlier he had "become the target of unfair practices, which have led to a hostile working environment."[2] On December 20, 2020, Taylor was reprimanded  for

---

[2] The Amended Complaint alleges that "On November 30, 2020, Plaintiff made a lawful complaint against Defendant FECR management for discrimination, unfair practices, and hostile work environment." [ECF No. 1-1 at 40]. However, Taylor's Response to the Motion to Dismiss clarifies that the written complaint "was actually dated November 18, 2020" and includes a copy of the complaint as an attachment thereto. [ECF No. 6 at 5 n.1; *id.* at 9]. The Court can consider the written complaint because it is central to Taylor's claims, the contents are not in dispute, and it is attached to the Response to FECR's Motion to Dismiss. *Financial Sec. Assur., Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1284 (11th Cir. 2007).

safety violations.³ Taylor alleges that none of his Hispanic coworkers or other employees outside his protected class were reprimanded.⁴ FECR fired Taylor on December 22, 2020.

On March 4, 2021, Taylor submitted a Charge of Discrimination ("Charge") to the Equal Employment Opportunity Commission ("EEOC"). The Charge alleges that once Granadillo began working as Taylor's supervisor he "forced [Taylor] to work [during] Sabbath and gave preferential treatment to Hispanic individuals outside [his] protected class." [ECF No. 1-1 at 25]. The Charge also asserts a timeline of reprimands and termination previously discussed and states that Taylor lodged a grievance in response to his September 16, 2020 reprimand. *Id.*

## II.     Procedural Background

On December 7, 2023, Taylor filed a seven count Complaint against Defendants in state court⁵, alleging claims for failure to accommodate, religious and national origin discrimination, religious and national origin harassment, religious and national origin retaliation, and tortious interference with a business/employment relationship. [ECF No. 1-1 at 7]. On March 20, 2024, Taylor filed an Amended Complaint bringing claims against FECR for failure to accommodate in violation of the Florida Civil Rights Act of 1992, Fla. Stat. §§ 760.01 *et seq*., ("FCRA") (Count 1) and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e ("Title VII") (Count 2); religious discrimination in violation of the FCRA (Count 3) and Title VII (Count 4); religious harassment in violation of the FCRA (Count 5) and Title VII (Count 6); religious-based retaliation in violation of the FCRA (Count 7) and Title VII (Count 8); national origin harassment in violation of the FCRA (Count 8a)⁶ and Title VII (Count 9); national origin discrimination in violation of the FCRA

---

³ The Amended Complaint does not allege who reprimanded Taylor on December 20, 2020.
⁴ The Amended Complaint does not explicitly allege that no employees outside Taylor's protected class were reprimanded for safety violations.
⁵ The Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.
⁶ The Amended Complaint incorrectly labels both its retaliation claim under Title VII and national origin harassment claim under Florida Statute 760.10(a) as "COUNT EIGHT." [ECF No. 1-1 at 51-52]. The Court will refer to the latter FCRA count as "Count 8a."

(Count 10) and Title VII (Count 11); and complaint-based retaliation in violation of Title VII (Count 12) and the FCRA (Count 6a).[7] [ECF No. 1-1 at 36]. The Amended Complaint also asserts a claim of tortious interference with a business/employment relationship against Granadillo (Count 13). *Id.* at 63.

On April 10, 2024, FECR removed the action from state court to this Court. [ECF No. 1]. On April 17, 2024, FECR filed the instant Motion seeking dismissal of Counts 1, 3, 5, 6a, 7, 8, 8a, 10, and 12 for lack of subject matter jurisdiction and for failure to state a claim, pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure.[8]

## LEGAL STANDARD

To survive a motion to dismiss brought pursuant to Rule 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Eleventh Circuit has promulgated a "two-pronged approach" for courts in applying this principle: first, "eliminate any allegations in the complaint that are merely legal conclusions"; and second, "where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 679). "[T]he pleadings are construed broadly," *Levine v. World Fin. Network Nat'l Bank*, 437 F.3d 1118, 1120

---

[7] The Amended Complaint incorrectly labels both its religious harassment claim under Title VII and the complaint-based retaliation claim under Florida Statute 760.10(7) as "COUNT SIX." [ECF No. 1-1 at 48, 59]. For the sake of consistency and clarity the Court will refer to the latter as "Count 6a."

[8] FECR only seeks dismissal based on Taylor's alleged failure to exhaust his administrative remedies. However, a challenge on that basis is proper pursuant to Rule 12(b)(6), not Rule 12(b)(1). The Supreme Court has made clear that "Title VII's charge-filing requirement is not of jurisdictional cast." *Fort Bend Cnty., Texas v. Davis*, 587 U.S. 541, 550 (2019). Although Florida federal courts have at times described FCRA's exhaustion requirement as being a "jurisdictional prerequisite", they have still concluded that "[a] motion to dismiss for failure to exhaust administrative remedies is treated as a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted." *Jones v. Bank of Am.*, 985 F. Supp. 2d 1320, 1325 (M.D. Fla. 2013) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). Therefore, the Court will analyze Defendant's arguments under 12(b)(6).

(11th Cir. 2006), and the allegations in the complaint are viewed in the light most favorable to the plaintiff, *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998). At bottom, the question is not whether the plaintiff "will ultimately prevail . . . but whether his complaint [is] sufficient to cross the federal court's threshold." *Skinner v. Switzer*, 562 U.S. 521, 530 (2011). "Although a party's failure to comply with the mandatory conditions precedent to bringing an employment action is an affirmative defense, the issue may be raised by a Rule 12 motion when the facts giving rise to the defense are clear from the pleadings." *Banks v. Ackerman Sec. Sys., Inc.*, No. 109CV0229CC, 2009 WL 974242, at *2 (N.D. Ga. Apr. 10, 2009).

## DISCUSSION

FECR seeks partial dismissal of the Amended Complaint because Taylor failed to exhaust his administrative remedies by not separately including references to the FCRA and retaliation in his EEOC Charge.

I.  Exhaustion of FCRA Claims

FECR argues that Taylor failed to exhaust administrative remedies for his FCRA claims because the EEOC Charge does not allege any violations of the FCRA or reference the Florida Commission on Human Relations ("FCHR"). Florida Statute § 760.011(1) requires a plaintiff to exhaust administrative remedies before filing a FCRA action by filing a charge of discrimination with the FCHR or "with the federal [EEOC] or with any unit of government of the state which is a fair-employment-practice agency . . . ." § 760.11(1). While the statute clearly contemplates dual filing of a charge, Florida district courts of appeal are split as to whether an EEOC charge that only alleges a violation of federal law is sufficient to comply with the exhaustion requirements of § 760.11. *Compare Belony v. N. Broward Hosp. Dist.*, 374 So. 3d 5, 8 (Fla. 4th DCA 2023) (holding that "when a discrimination charge only and specifically alleges a violation of federal law, the act of dually filing the charge with the FCHR is insufficient to comply with the requirements of section

760.11 . . .") *with Ramos v. Steak N Shake, Inc.*, 376 So. 3d 100, 104 (Fla. 2d DCA 2023) (holding that plaintiff was "not required to specifically allege in his [EEOC] charge of discrimination that his claims were under the FCRA" to exhaust administrative remedies under § 760.11 and certifying conflict with *Belony*). Two judges in this district recently addressed the issue and agreed with the Florida Second District Court of Appeal's opinion in *Ramos*. *See Jackson v. Alto Experience, Inc.*, No. 23-CV-22319, 2024 WL 580354 (S.D. Fla. Feb. 12, 2024); *Almond v. Wells Fargo Bank, N.A.*, No. 23-CV-23671, ECF No. 21 (S.D. Fla. Jan. 24, 2024). The Court agrees with the reasoning of *Ramos*, *Jackson*, and *Almond* and finds that the EEOC Charge was sufficient to exhaust administrative remedies for Taylor's FCRA claims.

II.  Exhaustion of Retaliation Claims

FECR also argues that Taylor's retaliation claims are barred because his Charge "failed to assert any facts or information" in support of his retaliation claims. [ECF No. 4 at 5]. With regard to the EEOC exhaustion requirement, the Eleventh Circuit has repeatedly "held that a 'plaintiff's judicial complaint is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination.'" *Gregory v. Georgia Dep't of Hum. Res.*, 355 F.3d 1277, 1280 (11th Cir. 2004) (quoting *Alexander v. Fulton County, Ga.*, 207 F.3d 1303, 1332 (11th Cir. 2000)). However, a plaintiff may bring *new claims* not explicitly mentioned in his charge so long as "they amplify, clarify, or more clearly focus the allegations in the EEOC complaint." *Anderson v. Embarq/ Sprint*, 379 F. App'x 924, 926 (11th Cir. 2010). The same does not hold true for *new acts* of discrimination. *Gregory*, 355 F.3d at 1279-80. In the end, because courts should be "extremely reluctant to allow procedural technicalities to bar claims brought under [Title VII] . . . the scope of an EEOC complaint should not be strictly interpreted." *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 460-66 (5th Cir. 1970).

Taylor raises two sets of retaliation claims. One set is premised on religious-based retaliation (Counts 7 and 8), the other set challenges retaliatory conduct in response to Taylor's complaints (Counts 6a and 12). The Court will take each in turn.

With regard to religious-based retaliation, the Charge alleges that (1) Taylor asked Granadillo to not work on the Sabbath, and (2) Granadillo denied his request and mentioned he was going to have Taylor fired. These limited allegations, taken as a whole, lead to the logical conclusion that Granadillo "was going to have [Taylor] fired" because of his request for a "reasonable accommodation to observe the Sabbath." [ECF No. 1-1 at 25]. Counts 7 and 8 allege that because Taylor made "requests for accommodation" Defendant "retaliated against Plaintiff by . . . creating a hostile work environment for Plaintiff, reprimanding Plaintiff for his religious beliefs, and terminating Plaintiff." [ECF No. 1-1 at 51-52].

FECR correctly points out that the Charge does not mention the word "retaliation." However, its omission is not fatal to Taylor's claims. A plaintiff is not required to allege every cognizable legal theory in his or her charge, rather what really matters is whether the underlying facts are sufficiently alleged. *See Patterson v. Georgia Pac., LLC*, 38 F.4th 1336, 1345 (11th Cir. 2022) ("The facts alleged in the charge matter most for determining what can reasonably be expected to grow out of an EEOC charge; the legal theory the charging party articulates is far less important."). The Court rejects FECR's restrictive reading of the Charge's scope and finds that the retaliation claims amplify and clarify the allegations raised in the Charge.[9] *Id.* (finding plaintiff exhausted EEOC remedies for her retaliation claims despite the "EEOC charge largely focus[ing] on race discrimination").

---

[9] Moreover, the fact that Plaintiff did not "check the box" noting a retaliation claim in his Charge is of no consequence to this determination. *See Mecca v. Florida Health Services Center, Inc*, 2014 WL 408431, at *7 (M.D. Fla. February 3, 2014) (finding that the plaintiff exhausted administrative remedies for his retaliation claim even though he did not mark box for retaliation on the EEOC charge).

The same is true for Taylor's complaint-based retaliation claims (Counts 6a and 12). The Amended Complaint alleges that "[d]uring Plaintiff's employment, Defendant . . . retaliated against Plaintiff for . . . complain[ing] about the harassment Defendants were subjecting him to . . . ." [ECF No. 1-1 at 61]. Taylor's Charge states, regarding the September 16, 2020 reprimand and suspension, that he "grieved this reprimand and was forced to sign a letter accepting responsibility due to being threatened with termination had [he] not sign[ed]." [ECF No. 1-1 at 25]. Based on this allegation, Taylor's complaint-based retaliation claims "can reasonably be expected to grow out of the charge of discrimination." *Gregory*, 355 F.3d at 1280.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED AND ADJUDGED that Defendant's Motion to Dismiss with Prejudice, [ECF No. 4], is **DENIED.**

**DONE AND ORDERED** in Chambers at Miami, Florida, this 15th day of August, 2024.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE